UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ENGLISH,

    Plaintiff,

v.

FLAGSTAR BANK, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
and SCHNEIDERMAN & SHERMAN, P.C.,

    Defendants.

CASE NO. 09-CV-11705

HONORABLE AVERN COHN

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

I.

This is a foreclosure case. Plaintiff claims that the sheriff's sale executed on his home was flawed because it was not conducted by an appropriate person pursuant to Mich. Comp. Laws §§ 600.3216 and 600.3232. Plaintiff also claims violations of the Fair Debt Collection Practices Act and an unconscionable mortgage contract. Finally, Plaintiff disputes the authenticity of the promissory note. As will be explained, plaintiff filed a motion to amend the complaint which the Court denied. Before the Court is plaintiff's motion for reconsideration. For the reasons which follow, the motion will be denied.

II.

Plaintiff, who at the time was proceeding pro se, filed his original complaint in Wayne County Circuit Court on April 3, 2009. Defendants timely removed the case to this court on the grounds that plaintiff presented a federal claim under the Fair Debt

Collection Practices Act.

On July 21, 2009, Wayne County filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Also on July 21, 2009, the remaining defendants, Flagstar Bank, Mortgage Electronic Registration Systems (MERS), and Schneiderman & Sherman, P.C. (hereafter "the Flagstar defendants") filed a motion to dismiss or for summary judgment.

Thereafter, plaintiff obtained counsel who on August 4, 2009 filed a motion for leave to file an amended complaint.  The proposed amended complaint asserted the following claims:   (I) Declaratory Judgment; Injunctive Relief, (II) Civil Conspiracy to Commit Mortgage Fraud, (III) Wrongful Foreclosure/Mortgage Fraud, (IV) Intentional Infliction of Emotional Distress, and (V) Punitive Damages.  It also appeared to add Latrice English as a plaintiff.  Wayne County and the Flagstar defendants filed separate responses objecting to the amendment.

On August 27, 2009, the Court denied the motion, stating in part:

> The Court will deny the motion without prejudice because the proposed amended complaint is deficient.  First, it does not state who any of the defendants are.  Second, it does not describe the property at issue.  Third, it does not name two of the defendants who were originally named, the County of Wayne and Schneiderman & Sherman, P.C.
> Moreover, two dispositive motions have already been filed in this case.  The Court believes that the better course of action at this juncture is for plaintiff to file a response to the motions.

On September 4, 2009, the Court entered a stipulated dismissing Wayne County as a defendant.

Also on September 4, 2009, the Court sent a notice of hearing on the Flagstar defendant's motion for summary judgment for October 21, 2009.  The notice further provided that plaintiff file a response to the motion by September 21, 2009.

On September 16, 2009, plaintiff filed the instant motion for reconsideration of the Court's order denying his motion for leave to file an amended complaint.

On September 23, 2009, plaintiff filed a response to the Flagstar defendant's motion.[1]

### III.

Motions for reconsideration are governed by E.D. Mich LR 7.1(g) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3). Importantly, a motion for reconsideration must be filed within ten (10) days after entry of the order. E.D. Mich. LR 7.1(g)(1). Plaintiff's motion was filed on September 16, 2009, more than ten days after the Court's August 27, 2009 order. As such, it may be denied as untimely.

Substantively, the motion must also be denied. Although the proposed amended complaint appears to cure the deficiencies noted by the Court in that it identifies the property and narrows the defendants to Flagstar Bank and MERS, amendment at this time would prejudice the Flagstar defendants who filed a dispositive motion based on the original complaint in July.

Moreover, the proposed complaint could alter the case. The proposed complaint asserts the following claims: (I) Declaratory Judgment; Injunctive Relief, (II) Civil

---

[1] As noted above, the Flagstar defendants filed their motion on July 21, 2009. Under the local rules, a response was due 21 days later.

Conspiracy to Commit Mortgage Fraud, (III) Wrongful Foreclosure/Mortgage Fraud, (IV) Intentional Infliction of Emotional Distress, and (V) Punitive Damages. Plaintiff for the first time suggests that the complaint "includes questions of law and fact which are more proper in the State Court" and requests to be heard on whether the case should proceed in state court. However, with the exception of the claim for intentional infliction of emotional distress, which is clearly based on state law, the complaint cites no law, state or federal, in support of any of the other claims. Regardless, the thrust of the proposed complaint still challenges the propriety of the foreclosure. The Flagstar defendants' maintain in their motion for summary judgment that the foreclosure was valid. Plaintiff, as noted above, filed a response to the motion. The Flagstar defendants must file a reply. The hearing on October 21 will go forward.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 25, 2009, by electronic and/or ordinary mail.

    s/LaShawn R. Saulsberry
Case Manager, (313) 234-5160