UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ENGLISH,

    Plaintiff,

v.                                                                                          Case No. 09-11705

FLAGSTAR BANK, MORTGAGE                                  HONORABLE AVERN COHN
ELECTRONIC REGISTRATION SYSTEMS,
INC., and SCHNEIDERMAN & SCHNEIDERMAN,
P.C.,

    Defendants.

_____/

**<u>MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>**[1]

I. Introduction

This is a case claiming violations of state and federal law arising out of a home foreclosure. Plaintiff is suing defendants Flagstar Bank (Flagstar), Mortgage Electronic Registration Systems (MERS), and Schneiderman & Sherman, P.C. (S&S) making various claims of error regarding the foreclosure proceedings. Before the Court is defendants' motion to dismiss or for summary judgment. For the reasons that follow, the motion is GRANTED.

II. Background

A.

On July 5, 2005, plaintiff obtained a home loan in the amount of $120,051.00

---

[1]This matter was originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. <u>See</u> E.D. Mich. LR 7.1(e)(2).

from Flagstar in order to purchase property in River Rouge.  The note indicates a monthly payment obligation in the amount of $719.77 at a 6% interest rate.  In exchange for the loan, plaintiff granted a mortgage on the property in favor of MERS as nominee for Flagstar.

Plaintiff defaulted.

A sheriff's sale was held on September 18, 2008.  Teri Sims Hilson (Hilson) conducted the sheriff's sale and signed the sheriff's deed acting as a Special Deputy Sheriff.

The redemption period expired on March 18, 2009.  Plaintiff did not redeem.

On March 25, 2009, MERS filed an eviction proceeding.  Eviction proceedings were scheduled for July 9, 2009.

On April 3, 2009, plaintiff filed a pro se action in Wayne County Circuit Court.  He named Flagstar, MERS, S&S, and Wayne County as defendants.  Defendants timely removed the case to federal court on the grounds that plaintiff presented a federal claim under the Fair Debt Collection Practices Act.

On June 30, 2009, the Court entered a temporary restraining order preventing eviction proceedings and setting a status conference for July 14, 2009.  At the status conference, the defendants indicated they would be filing dispositive motions.

On July 21, 2009, Wayne County filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Also on July 21, 2009, the remaining defendants, Flagstar, MERS, and S&S (hereinafter "the Flagstar defendants") filed a motion to dismiss or for summary judgment.

Thereafter, plaintiff obtained counsel who on August 4, 2009 filed a motion for

2

leave to file an amended complaint. The proposed amended complaint asserted the following claims: (I) Declaratory Judgment; Injunctive Relief, (II) Civil Conspiracy to Commit Mortgage Fraud, (III) Wrongful Foreclosure/Mortgage Fraud, (IV) Intentional Infliction of Emotional Distress, and (V) Punitive Damages. It also appeared to add Latrice English as a plaintiff. Wayne County and the Flagstar defendants filed separate responses objecting to the amendment.

On August 27, 2009, the Court denied the motion, stating in part:

> The Court will deny the motion without prejudice because the proposed amended complaint is deficient. First, it does not state who any of the defendants are. Second, it does not describe the property at issue. Third, it does not name two of the defendants who were originally named, the County of Wayne and Schneiderman & Sherman, P.C.
> Moreover, two dispositive motions have already been filed in this case. The Court believes that the better course of action at this juncture is for plaintiff to file a response to the motions.

See Order at p. 4.

On September 4, 2009, the Court entered a stipulated dismissing Wayne County as a defendant.

Also on September 4, 2009, the Court sent a notice of hearing on the Flagstar defendant's motion for summary judgment for October 21, 2009. The notice further provided that plaintiff file a response to the motion by September 21, 2009.

On September 16, 2009, plaintiff a motion for reconsideration of the Court's order denying his motion for leave to file an amended complaint.

On September 23, 2009, plaintiff filed a response to the Flagstar defendant's motion.

On September 25, 2009, the Court denied plaintiff's motion for reconsideration,

3

stating in part:

> . . . Although the proposed amended complaint appears to cure the deficiencies noted by the Court in that it identifies the property and narrows the defendants to Flagstar Bank and MERS, amendment at this time would prejudice the Flagstar defendants who filed a dispositive motion based on the original complaint in July.
> Moreover, the proposed complaint could alter the case. The proposed complaint asserts the following claims: (I) Declaratory Judgment; Injunctive Relief, (II) Civil Conspiracy to Commit Mortgage Fraud, (III) Wrongful Foreclosure/Mortgage Fraud, (IV) Intentional Infliction of Emotional Distress, and (V) Punitive Damages. Plaintiff for the first time suggests that the complaint "includes questions of law and fact which are more proper in the State Court" and requests to be heard on whether the case should proceed in state court. However, with the exception of the claim for intentional infliction of emotional distress, which is clearly based on state law, the complaint cites no law, state or federal, in support of any of the other claims. Regardless, the thrust of the proposed complaint still challenges the propriety of the foreclosure. The Flagstar defendants' maintain in their motion for summary judgment that the foreclosure was valid. Plaintiff, as noted above, filed a response to the motion. The Flagstar defendants must file a reply. The hearing on October 21 will go forward.

See Order at p. 3-4.

### III.  Legal Standards

#### A.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

B.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the

5

motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must (quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV.  Analysis

To the extent that plaintiff claims the sheriff's sale was invalid, his claim lacks merit.  Hilson conducted the sale and was acting as a Special Deputy Sheriff, appointed under M.C.L. § 51.70.  See Flagstar defendants' Ex. F - affidavit of Hilson.  The statute specifically authorizes the appointment of a special deputy to perform certain acts, including an auctioneer for the Wayne County Sheriff for mortgage foreclosure sales by advertisement and the execution of Sheriff's deeds.  Michigan law also clearly provides for foreclosures by advertisement and sale to be conducted by a deputy sheriff.  See M.C.L. § 600.3216.  The sheriff's sale was valid because Hilson was properly authorized to conduct the sale.

To the extent that plaintiff claims MERS has improperly foreclosed because the documents, i.e. note and mortgage, are not authentic and/or because he was not credited for every payment made, these claims also fail.  As fully articulated in the Flagstar defendants' papers, Flagstar performed all of its obligations under the note and mortgage, as did MERS, as nominee.  Flagstar lent plaintiff $120,051.00 to purchase a home.  See Flagstar defendants Ex. A - Mortgage and Ex. B - Note.  Plaintiff was required to make monthly payments.  Plaintiff failed to make payments.  See Flagstar defendants' Ex. J - Payment History from July 2005 to January 2009.  Flagstar sent plaintiff a notice of default.  See Flagstar defendants' Ex. I - Notice of Default.

Although plaintiff says there is a genuine issue of material fact as to the propriety of the foreclosure proceedings, plaintiff offers no evidence to support this assertion.  Plaintiff's assertion that he "neither admits nor denies" that he defaulted on the loan by not making payments is insufficient.  Likewise, plaintiff's assertion that there was misrepresentation during the mortgage process fails to create a genuine issue as plaintiff does not articulate the alleged misrepresentation or provide any evidence to support this assertion.  Plaintiff's argument that MERS did not have the right to initiate foreclosure proceedings is belied by the record.  The mortgage contains an express provision giving MERS the authority to foreclose as nominee for Flagstar.  In light of this provision, plaintiff cannot claim MERS lacked authority.

As to the authenticity of the note and mortgage, although plaintiff says there is a genuine issue of material fact, he offers no evidence that the note and mortgage documents are not authentic.  Plaintiff's assertion that he "neither admits nor denies" whether his signature is on the note is insufficient.  Moreover, the fact that the note and

mortgage in the record are copies does not change this conclusion. Federal Rule of Evidence 1003 provides that a duplicate is admissible as an original unless there is a "genuine question" as to the authenticity. There is not.

Overall, the record evidence shows that the foreclosure proceedings were warranted and conducted in accordance with applicable state law.

SO ORDERED.

                                       s/ Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

Dated: October 21, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 21, 2009, by electronic and/or ordinary mail.

                                       s/ Julie Owens
                                       Case Manager, (313) 234-5160