UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ENGLISH,

      Plaintiff,

v.                                 Case No.  09-11705

FLAGSTAR BANK, MORTGAGE         HONORABLE AVERN COHN
ELECTRONIC REGISTRATION SYSTEMS,
INC., and SCHNEIDERMAN & SCHNEIDERMAN,
P.C.,

      Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT[1]

I.

      This is a case claiming violations of state and federal law arising out of a home foreclosure.  Plaintiff sued defendants Flagstar Bank (Flagstar), Mortgage Electronic Registration Systems (MERS), and Schneiderman & Sherman, P.C. (S&S) making various claims of error regarding the foreclosure proceedings.  Defendants filed a motion to dismiss or for summary judgment.  The Court granted the motion.  See Memorandum and Order filed October 21, 2009.  Before the Court is plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b)(2).  Plaintiff says that new evidence calls into question the validity of the foreclosure proceedings.  For the reasons that follow, the motion is DENIED.

---

      [1]The Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

II.

Fed. R. Civ. P. 60(b)(2) states that a party may move for relief from a final judgment, order, or proceeding on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation."  Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks and citation omitted).  Therefore, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008).  In order to succeed on a Rule 60(b)(2) motion, "a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."  Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal citation and quotation omitted) (alteration in original).

III.

Plaintiff says that relief is warranted based on the "recent discovery of newly decided cases interpreting the validity of certain persons appointed to act as Special Deputies to conduct mortgage foreclosure sales in Wayne County."  Plaintiff says that other courts have held sheriff sales invalid because the appointment of the special deputy to conduct the sale was invalid under Michigan law.

Plaintiff presented this argument in response to defendants' motion.  The Court rejected it, explaining:

2

> [Teri] Hilson conducted the sale and was acting as a Special Deputy Sheriff, appointed under M.C.L. § 51.70.  The statute specifically authorizes the appointment of a special deputy to perform certain acts, including an auctioneer for the Wayne County Sheriff for mortgage foreclosure sales by advertisement and the execution of Sheriff's deeds.  Michigan law also clearly provides for foreclosures by advertisement and sale to be conducted by a deputy sheriff.  <u>See</u> M.C.L. § 600.3216.  The sheriff's sale was valid because Hilson was properly authorized to conduct the sale.

Memorandum and Order at p. 6.

Plaintiff now cites a July 2009 decision from the Bankruptcy Court for the Eastern District of Michigan and an August 2009 decision from the 35th District Court for the County of Wayne[2] which held that the special deputies appointed to conduct foreclosures were not properly appointed because they were appointed by an undersheriff, not the sheriff.

In response, defendants argue that neither of these decision is new evidence because (1) they were both issued before the Court's October 2009 order and plaintiff could have cited them to the Court and (2) neither is binding precedent.  Defendants also say that there is a March 2009 decision from a state circuit judge which held that a special deputy could conduct a sheriff's sale.

Putting aside defendants' argument as to whether plaintiff was diligent in obtaining the recent cases, plaintiff is not entitled to relief because neither decision constitutes "evidence [which] is material and controlling and clearly would have produced a different result."  In other words, the Court is not persuaded to follow those

---

[2]Plaintiff only provided a copy of the bankruptcy court's judgment which states that the issue was ruled upon from the bench.  Thus, the Court does not have the bankruptcy court's analysis.  Moreover, plaintiff did not attach a copy of the state court decision.  It rather appears that plaintiff obtained information about the case from the website of another law firm.

3

decisions.

Here, Hilson was appointed as a special deputy. Her appointment was in writing and signed by a Wayne County undersheriff. Her appointment papers set forth specific duties relating to conducting mortgage foreclosure sales.

As to the authority and process for appointing a special deputy, M.C.L. § 51.70 provides in part:

> Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time.  Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies and each sheriff may revoke those appointments at any time.

(Emphasis added).  M.C.L. 51.73 provides:

> Every appointment of an under sheriff, or of a deputy sheriff, and every revocation thereof, shall be in writing under the hand of the sheriff, and shall be filed and recorded in the office of the clerk of the county; and every such under sheriff or deputy shall, before he enters upon the duties of his office, take the oath prescribed by the twelfth article of the constitution of this state.  But this section shall not extend to any person who may be deputed by [sic] sheriff to do a particular act only.

(Emphasis added).

The statutes require that the appointment of a special deputy must be in writing. Under § 51.73, the appointment (or revocation) of an under sheriff or a deputy sheriff must be in writing "under the hand of the sheriff," i.e. the appointment of an under sheriff or a deputy sheriff must be by the sheriff.  However, § 51.73 specifically excludes persons deputed to do a particular act, i.e. a special deputy, from this requirement.  A fair read of both statutes requires that a special deputy must be appointed in writing but that appointment need not be by the sheriff.  Since Hilson's appointment was in writing by an under sheriff, it was valid under Michigan law.

4

This reading is also consistent with Michigan law governing foreclosure by advertisement.  M.C.L. § 600.3216 provides:

> The sale shall be at public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon, at the place of holding the circuit court within the county in which the premises to be sold, or some part of them, are situated, and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder.

(Emphasis added).  The statute allows for a deputy sheriff to hold a foreclosure sale.  Michigan law also allows for a special deputy to be appointed for a particular act, such as to conduct a foreclosure sale.  A properly appointed special deputy, as was Tilson, has the authority of a deputy sheriff under M.C.L. § 600.3216.

At least one state court has reached a similar conclusion.  In Imperial Construction Co. Inc. v. Independent Bank, case no. 2008-095447 (Oakland County Cir. Ct. Mar. 23, 2009), plaintiff argued that a sheriff's sale was invalid because it was conducted by a special deputy who was not appointed as an under sheriff or deputy sheriff.  The court rejected this argument, stating that "a properly appointed special deputy qualifies as a 'deputy sheriff' for purposes of MCL 600.3216" and therefore the sale was not invalid on this ground.  See Exhibit 4 to defendants' response - state court opinion.

Overall, plaintiff has not shown that the decisions of the bankruptcy court or state district court entitle him to relief under Rule 60(b)(2).

SO ORDERED.

　s/Avern Cohn　　　　　　　　　　　
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2009

5

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 9, 2009, by electronic and/or ordinary mail.

 s/LaShawn R. Saulsberry
Case Manager, (313) 234-5160

6